UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELMA M., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF<br>SOCIAL SERVICES, et al.,<br><br>    Defendants. | Case No. 15-cv-00381-WHO<br><br>**ORDER DISMISSING FEDERAL CLAIM AND GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 5 |

Plaintiffs' motion to remand is currently scheduled for hearing on Wednesday, April 1, 2015. Pursuant to Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and VACATE the hearing. Based on plaintiffs' request that they be allowed to amend the complaint to remove the Second Cause of Action, which asserts a federal claim, it is not appropriate for me to maintain jurisdiction over this case. The claims based on the legislative intent and interpretation of the statutory provisions governing the CalWORKs program in the First Cause of Action do not create federal question jurisdiction. Given the early stage of this litigation and plaintiffs' desire to litigate their state law claims in state court, I will not exercise supplemental jurisdiction. Accordingly, I GRANT plaintiffs' motion, dismiss the federal claim and REMAND this case back to state court.

## BACKGROUND

Plaintiffs, current or former recipients of cash assistance under the CalWORKs program, move to remand this case back to the Superior Court for Alameda County. Docket No. 5. In their Complaint, plaintiffs allege that they have been improperly excluded from CalWORKs cash assistance under California's Maximum Family Grant (MFG) rule as a result of the overly narrow application of CalWORKs' domestic violence waiver provisions. *See* Complaint, ¶¶ 1-2, 5-6; Cal. Welf. & Inst. Code § 11495.15. The Complaint asserts causes of action for violation of California

Welfare & Institution Code provisions (First Cause of Action); violation of Section 504 of the federal Rehabilitation Act and the Americans with Disabilities Act (Second Cause); violation of anti-discrimination and reasonable accommodation requirements under the California Government and Welfare & Institutions Code (Third Cause); violation of the Equal Protection Clause of the California Constitution (Fourth Cause); and seeks a writ of administrative mandamus under California law (Fifth, Sixth and Seventh Causes).

The Complaint was removed by defendants California Department of Social Services (CDSS) and the director of CDSS on the basis of federal question jurisdiction under 28 U.S.C. § 1441(a). Defendants argue that federal question jurisdiction is appropriate not only because the Second Cause of Action is based on federal statutes, but also because the First Cause of Action "arises under" the federal Temporary Assistance to Needy Families (TANF) program, 42 U.S.C. § 601, *et seq.*, which provides the funding for CalWORKs. Docket No. 1, ¶ 3.

## LEGAL STANDARD

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if "'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983)).

Where claims are based on state law, "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Franchise Tax Bd.*, 463 U.S. at 13. "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *but see Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) ("[T]he mere reference of a federal

statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists.").

## DISCUSSION

### I. PLAINTIFFS' REQUEST TO AMEND THE COMPLAINT

Plaintiffs have unequivocally stated their intent to remove from the Complaint the only federal cause of action, arising under the Rehabilitation Act and the ADA. Motion at 3; Declaration of David Pallack ¶ 2. Apparently fearing that they could waive their right to seek remand, plaintiffs did not file a formal motion to amend their complaint under Rule 15(a). However, plaintiffs state that they will formally move to amend under Rule 15(a) if the Court does not grant the motion to remand or will unilaterally dismiss the federal claim if remand is granted. Pallack Decl. ¶ 2. Defendants argue that because plaintiffs have "merely promised" to dismiss the claim once back in state court and because unilateral dismissal is not permitted (without court order) in federal court, plaintiffs' motion to remand must be denied.

Although plaintiffs have not formally moved to amend their Complaint to drop their federal claim, they clearly intend to do so – either here or in state court. Pallack Decl., ¶ 2. In determining whether to grant leave to amend, courts consider the following five factors: (1) undue delay; (2) bad faith; (3) undue prejudice; (4) repeated failure to cure deficiencies by amendments previously allowed; and (5) futility of amendment. *Id*. at 1051-52. "Prejudice is the touchstone of the inquiry under Rule 15(a);" of the five factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Id*. at 1052 (internal quotation marks omitted). Under Rule 15(a), "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted).

In light of plaintiffs' unequivocal representation that they intend to dismiss the federal claim, I will treat the instant motion as one to amend under Rule 15(a), as well as a motion to remand. I GRANT the motion to dismiss and dismiss the Second Cause of Action under the Rehabilitation Act and the ADA. Given the early stage of this litigation, there has been no undue

3

1 delay or bad faith on plaintiffs' part and there is no prejudice to defendants if the federal claim is
2 dismissed.

**II. ARISING UNDER JURISDICTION**

CDSS argues that even if the federal claim is removed, jurisdiction would still be appropriate because the domestic violence waivers that plaintiffs challenge are specifically authorized under the federal TANF program, which provides the funds to California to implement CalWORKs. CDSS contends that plaintiffs' challenge to the CalWORKs' waivers will necessarily rely on the interpretation of the federal statutes and regulations regarding the implementation and federal "recognition" of "good cause" domestic violence waivers under TANF. Oppo. at 4-5 (citing 42 U.S.C. § 602(a)(7)(A)(iii), 45 C.F.R. § 260.52(c), 45 C.F.R. § 260.54(b)). As federal statutes and regulations are at issue, defendants argue the "stated federal issue, actually disputed and substantial" gives rise to original jurisdiction. S*ee Grable & Sons Metal Prods.*, 545 U.S. at 314.

I disagree. The federal statutes and regulations relied on by CDSS allow for a state to create good cause waivers, at the state's option. 42 U.S.C. § 602(a)(7)(A)(iii). But other than establishing broad guidelines and minimal requirements, the federal provisions do not control how the states implement their waivers or who they give waivers to or for how long those waivers last. *See* 45 C.F.R. § 260.54 (giving states "broad flexibility" to implement waivers and establishing minimal requirements for federal recognition); 45 C.F.R. § 260.55 (identifying the minimal programmatic and reporting requirements for "recognized" waivers).

I do not find that plaintiffs' First Cause of Action – challenging the way the CalWORKs program has implemented its domestic violence waivers – will turn in any way on the interpretation and application of the federal provisions. After the Second Cause of Action has been excised from the Complaint, no federal question is presented in the remaining claims.

**III. SUPPLEMENTAL JURISDICTION**

CDSS argues that I should exercise supplemental jurisdiction over the remaining state law claims. "[A] district court has discretion to elect not to exercise supplemental jurisdiction over state claims if it has dismissed the federal claims over which it had original jurisdiction." *Brown*

4

*v. Lucky Stores*, 246 F.3d 1182, 1189 (9th Cir. 2001).  Given the very early stage of this litigation and plaintiffs' clear desire to litigate the remaining claims in state court, I decline to exercise supplemental jurisdiction over the remaining state law claims.

## CONCLUSION

Having dismissed the only federal claim asserted, I conclude that the First Cause of Action under the CalWORKs statutes does not "arise under" federal law sufficient to confer original jurisdiction, and I decline to exercise supplemental jurisdiction over the remaining state law claims.  The Complaint, as amended by this Order, is remanded back to the Superior Court for Alameda County.

**IT IS SO ORDERED**.

Dated: March 27, 2015



WILLIAM H. ORRICK
United States District Judge